**David RUNNELS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–92–940.**

Court of Criminal Appeals of Oklahoma.

May 18, 1995.

William E. Erickson, Sapulpa, for appellant at trial.

Lantz McClain, Dist. Atty., Sapulpa, for the State at trial.

John D. Boydston, Eufaula, for appellant on appeal.

Susan Brimer Loving, Atty. Gen., Robert Whittaker, Asst. Atty. Gen., Oklahoma City, for appellee on appeal.

## SUMMARY OPINION

JOHNSON, Presiding Judge:

Appellant, David Runnels, was tried by a jury for the crimes of Robbery with Firearms (Counts I and II), Knowingly Concealing Stolen Property (Count III) and Feloniously Carrying a Firearm (Count IV) in the District Court of Creek County, Case Number CRF–91–278. Counts I through III were charged after former conviction of two or more felonies. The jury returned a verdict of guilty on all four counts and recommended Appellant be sentenced to a term of fifty (50) years imprisonment for Counts I, II and III. As to Count IV, the jury recommended Appellant be sentenced to ten (10) years. The trial court sentenced Appellant in accordance with the jury's recommendation and ordered that Appellant's sentences in Counts I, II and III run concurrently. From this Judgment and Sentence, Appellant has perfected his appeal to this Court.

■ Appellant raises the following propositions of error in support of his appeal:

I. the Court erred in not determining that appellant had actually confessed and that the confession was reliable;

II. the trial court erred in not conducting a hearing outside the presence of the jury regarding the voluntariness of appellant's statements to police;

III. the improper comments of the prosecutor during closing arguments denied appellant a fair and impartial trial;

IV. the trial court erred in not appointing an attorney to represent appellant in the presentation of this motion for new trial.

After thorough consideration of these propositions and the entire record before us on appeal, including the original record, transcripts, and briefs of the parties, we have determined that neither reversal nor modification is required under the law and evidence. However, we find Appellant's fourth assignment of error requires additional discussion as it raises an issue of first impression for this Court.

Appellant was sentenced on April 6, 1992. On April 8, 1992, Appellant filed a pro se motion for a new trial. Appellant's court-appointed counsel filed the appropriate Notice of Intent to Appeal and Designation of Record on April 13, 1992. He was then allowed to withdraw on April 14, 1992, and the Appellate Public Defender was appointed as counsel. On April 27, 1992, Appellant argued his pro se motion for a new trial. Appellant now contends on appeal that the trial court erred when it failed to sua sponte appoint counsel to represent him at this hearing.

■ The Sixth Amendment protects the right to counsel in every "critical stage" of a criminal prosecution. *Coleman v. Alabama,* 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970). A critical stage in a criminal prosecution "is one in which a defendant's rights may be lost, defenses waived, privileges claimed or waived, or in which the outcome of the case is otherwise substantially affected." *Black's Law Dictionary* 375 (6th ed. 1990). *See also Mempa v. Rhay,* 389 U.S. 128, 132–33, 88 S.Ct. 254, 256, 19 L.Ed.2d 336, 340 (1967). The right to counsel further extends to a defendant's first appeal of right. *Randall v. State,* 861 P.2d 314, 315 (Okl.Cr. 1993). This includes the 10 day period for filing a notice of intent to appeal. *Baker v. Kaiser,* 929 F.2d 1495, 1499 (10th Cir.1991). However, this Court has never specifically addressed whether a hearing on a motion for new trial is a "critical stage" which invokes a defendant's right to counsel.

In *King v. State,* 613 So.2d 888, 891 (Ala. Cr.App.1993), the Alabama Court of Criminal Appeals held that a motion for new trial is a critical stage. Defendants in Alabama must raise certain issues in a motion for new trial in order to preserve them for appellate review. Likewise, a motion for a new trial is considered a critical stage in Illinois because a written post-trial motion is necessary to preserve issues for appellate review. *John-*

**566**

*ston v. Mizell,* 912 F.2d 172, 176 (7th Cir. 1990), *cert. denied,* 498 U.S. 1094, 111 S.Ct. 982, 112 L.Ed.2d 1067 (1991).

However, unlike the above referenced cases, the filing of a motion for new trial is not necessary to preserve any issues for appellate review in Oklahoma. Rule 2.1(B)(1) of the *Oklahoma Court of Criminal Appeals Rules,* 22 O.S.1991, Ch. 18, App., specifically provides "[a] motion for new trial is not required in order to commence an appeal in this Court." *See also* 22 O.S.Supp.1985, § 1054.1. Moreover, if a defendant chooses to file a motion for new trial, he does not limit the issues which he may later raise on direct appeal to this Court. Thus, no significant rights are lost by the failure to pursue strategies or remedies at the hearing for new trial.

■ Consequently, we find a motion for new trial is not a "critical stage" as a defendant is not prejudiced either by the filing of or the failure to file a motion for new trial. While we recognize that legal issues are addressed and argued at these hearings and a prosecutor is almost always involved, these factors alone do not mandate a reverse finding. However, we do not mean to imply that counsel need not ever be provided. Rather, the decision to appoint counsel for these hearings rests within the sound discretion of the trial court. Trial courts should scrutinize pro se motions for new trial to determine if counsel should be furnished. If a motion appears to contain a viable or realistic basis for new trial, a defendant should be provided with counsel.

As to the instant case, we find no error occurred when the trial court failed to appoint counsel to represent Appellant at the hearing on his motion for new trial. A review of Appellant's pro se motion for new trial reveals it did not contain any viable issues. In fact, only one of these issues was presented on direct appeal to this Court. Consequently, this proposition of error fails.

### DECISION

The Judgment and Sentence of the trial court is **AFFIRMED.**

1. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908

CHAPEL, V.P.J., concurs in part/dissents in part.

LUMPKIN, LANE and STRUBHAR, JJ., concur.

CHAPEL, Vice Presiding Judge, CONCURRING IN PART/DISSENTING IN PART:

I concur in the Court's analysis of the Sixth Amendment issue concerning appointment of counsel for a motion for a new trial in Oklahoma. However, I find merit in Runnel's Proposition II. A *Jackson v. Denno*[1] hearing should have been held outside the presence of the jury. *Brewer v. State,* 414 P.2d 559, 563 (Okl.Cr.1966).