**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**OCT 17 2001**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

| | |
|---|---|
| JESS LEE CROW, | |
| Petitioner - Appellant, | No. 01-7027 |
| vs. | (D.C. No. 98-CV-290) |
| RON CHAMPION; THE ATTORNEY GENERAL OF THE STATE OF OKLAHOMA, | (E.D. Okla.) |
| Respondents - Appellees. | |

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.[**]

Petitioner Jess Lee Crow, an inmate appearing pro se, seeks a certificate of appealability ("COA") allowing him to appeal the district court's order denying relief on his habeas petition pursuant to 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). Because Mr. Crow has failed to

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2), we dismiss the appeal.

Mr. Crow's federal habeas petition contains the following grounds: (1) he was deprived of court-appointed counsel on his timely-filed motion for new trial; (2) the prosecution suppressed favorable evidence that could have reduced the alleged offense below murder in the first degree to excusable homicide, (3) the trial judge prevented the case from going to the jury under all of the tenable theories presented by the evidence, and (4) it was improper to charge the jury on second degree murder and manslaughter, where uncontradicted evidence showed the killing was done under circumstances making it excusable homicide. R. Doc. 1. Mr. Crow raised these issues in two applications for post-conviction relief, both of which were denied by the Oklahoma Court of Criminal Appeals (OCCA). R. Doc. 4, Exs. I & M. The first application was denied because Mr. Crow had failed to raise his claims on direct appeal; the second application was denied for the same reason, and also based on a failure to raise any new claims in the first post-conviction application.

The magistrate judge determined that the issues were procedurally barred and Mr. Crow had not established cause and prejudice for the procedural default or a fundamental miscarriage of justice. R. Doc. 8; Coleman v. Thompson, 501 U.S. 722, 750 (1991). On appeal, Mr. Crow argues that the issue is whether he is

not procedurally barred because he was deprived of counsel on motion for new trial and, after that, his issues [were] not addressed on direct appeal. He argues that (1) he was entitled to have an attorney appointed concerning his motion for a new trial, and (2) his timely pro se motion for a new trial limited the issues which were raised on appeal. Aplt. Br. at 16A-16I. In a supplemental brief, he argues that the OCCA's application of Okla. Stat. Ann. tit. 22, § 1086 was incorrect and violates due process because it bars his federal claims.

Mr. Crow contends that he was denied counsel when counsel abandoned a motion for a new trial after the first trial. Counsel on direct appeal did not raise this issue as one of the twelve issues he presented to the OCCA in a comprehensive brief. R. Doc. 4, Ex. A. Mr. Crow apparently is arguing ineffective assistance of trial counsel as cause for the failure to raise this issue. The denial of counsel claim is procedurally barred for failure to raise it on direct appeal from the conviction: (1) Mr. Crow had different trial and appellate counsel in connection with his first trial and first direct appeal and there is no demonstration of cause with respect to appellate counsel; merely because appellate counsel declines to raise every argument advanced by the client does not equate to ineffective assistance, Smith v. Murray, 477 U.S. 527, 536 (1986); (2) there is no demonstration of prejudice–Oklahoma does not require the filing of a motion for a new trial to preserve issues on direct appeal. Runnels v. Oklahoma,

896 P.2d 564, 566 (Okla. Ct. Crim. App. 1995) (trial court has discretion whether to appoint counsel in connection with a motion for a new trial as no significant rights are compromised by the denial of such a motion). Although Mr. Crow argues that the trial judge would have assessed the sufficiency of the evidence in connection with a properly presented motion for a new trial, the OCCA squarely addressed this claim on direct appeal and rejected it. R. Doc. 4, Ex. C at 9.

In an abundance of caution, it appears that Mr. Crow may be appealing the rejection of his other three federal habeas claims as procedurally barred. Aplt. Br. at 16H n.3. In his second claim, Mr. Crow contends that the prosecution suppressed evidence favorable to him and he discovered this at a hearing subsequent to the first trial. By way of background, Mr. Crow's explanation that the victim shot herself or the gun accidentally discharged after an altercation between himself and the victim, was significantly undercut by the fact that there was an empty cylinder under the hammer of the gun, indicating that the gun had been opened after it had been fired and a cartridge removed. R. Doc. 4, Exs. C at 2-3. The subsequent testimony that Mr. Crow claims was suppressed (given September 11, 1996), that a law enforcement officer removed bullets from the gun pursuant to his examination of it, R. Doc. 9 at 4-5, does not undercut this rationale. Nothing suggests that the prosecution suppressed this information (this was an open file case), let alone that it was material, i.e., there is not a reasonable

- 4 -

probability that this information would have resulted in a different result. See Kyles v. Whitley, 514 U.S. 419, 434-37 (1995).

The predicate of Mr. Crow's third and fourth claims, that the jury was inadequately instructed on his theory of the case–that the homicide was an accident–was rejected by the OCCA on direct appeal. The OCCA noted that the jury was instructed that if it found the shooting was accidental, if should find the defendant not guilty. R. Doc. 4, Ex. C at 4; see also Okla. Stat. Ann. tit. 21, § 731 (West 2001 Supp.) (excusable homicide). In any event, the third and fourth claims are procedurally defaulted and Mr. Crow has not shown cause or prejudice or a fundamental miscarriage of justice. His blanket statements in his habeas petition that these claims were not raised because his will was overborne by counsel's failure to apprise him of the distinction between excusable and justifiable homicide, and that he inadvertently waived the issue when counsel inadequately raised the error, R. Doc. 1, ring hollow. Counsel on direct appeal raised several issues concerning the instructions, and cannot be considered to have rendered deficient performance based upon a failure to raise the claims as Mr. Crow now phrases them.

Mr. Crow also argues that the OCCA's application of procedural bar to his first post-conviction application was error because the trial court dismissed it for lack of jurisdiction, and application of procedural bar is violative of due process.

It is axiomatic that an appellate court may affirm on any grounds available in the record. Moreover, we have repeatedly upheld Oklahoma's procedural bar as an adequate and independent state ground as discussed in Coleman, 501 U.S. at 729-35. Steele v. Young, 11 F.3d 1518, 1521-22 (10th Cir. 1993). Regardless, these issues as contained in Mr. Crow's supplemental brief have been waived as they were not raised below, particularly in Mr. Crow's objections to the magistrate's report. Finally, we reject Mr. Crow's assertion that the review by the magistrate judge and district court required an evidentiary hearing or that the review was insufficient because a copy of the trial transcript was not part of the record.

We GRANT Mr. Crow's motion for leave to file a supplemental brief, DENY a COA, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge