Frank COOKS Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 01–04–01204–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 1, 2005.

Discretionary Review Dismissed March 22, 2006.

Janet Seymour Morrow, Spring, for appellant.

Charles A. Rosenthal, Jr., Dist. Atty.–Harris County, Alan Curry, Asst. Dist. Atty., Houston, for appellee.

Panel consists Justices NUCHIA, JENNINGS and HIGLEY.

## OPINION

TERRY JENNINGS, Justice.

Appellant, Frank Cooks Jr., pleaded guilty to the offense of aggravated assault with a deadly weapon[1] without an agreed punishment recommendation from the State. The trial court found appellant guilty and assessed his punishment at confinement for 15 years. In his sole point of error, appellant contends that he received ineffective assistance of counsel during the time required to file a motion for new trial. We affirm.

### Factual and Procedural Background

Represented by retained trial counsel, appellant entered his guilty plea on June 23, 2004, and the case was reset for preparation of a pre-sentence investigation (PSI)

---

1. Tex. Pen.Code Ann. § 22.02(a)(2) (Vernon Supp.2004–2005).

report. On October 25, 2004, the trial court conducted a hearing on the PSI. At the hearing, appellant's counsel called several witnesses and presented letters to the court from appellant's supervisors, co-workers, and family—all attesting to appellant's good character and suitability for probation. After the trial court found appellant guilty and pronounced his sentence, the following exchange occurred between appellant's trial counsel and the trial court:

> [Trial Counsel]: Your Honor, I would like to advise [appellant] on the record that he has a right to appeal. He does not have the funds to hire me, if he sought (sic) fit to hire me. Although I don't see grounds for appeal at this time, I would ask the [C]ourt appoint him a lawyer rather than me to pursue that matter if he wishes to do so.

> [Trial Court]: If he wishes to do so, notice of appeal will be filed, and the Court will appoint him an attorney to handle the case.

On November 15, 2004, trial counsel filed appellant's written notice of appeal and requested the appointment of appellate counsel. At that time, ten days of the thirty-day time limit remained in which appellant could have filed a motion for new trial. *See* Tex.R.App. P. 21.4(a). On that same day, the trial court signed a pauper's oath, appointing appellant counsel for his

appeal. The thirty-day period for the filing of a motion for new trial expired on November 25, 2004.[2]

### Abatement

▇▇▇ In his sole point of error, appellant contends that he was denied effective assistance of counsel during the thirty-day period after sentencing, depriving him of the opportunity to develop an appellate record to show that he received ineffective assistance of counsel during the punishment phase of trial. He asserts that the trial court failed to appoint appellate counsel until only ten days remained in the time period to file a motion for new trial. Ultimately, appellant did not file a motion for new trial. Appellant further asserts that this violation has denied him the effective representation of counsel on direct appeal. Appellant asks this Court for an abatement of the appeal and a remand to the trial court so that appellant "can make a properly counseled decision whether to pursue his appeal, including the decision whether to pursue a claim of any kind on timely motion for new trial."[3]

▇▇▇ A defendant has a right to file a motion for a new trial. *See* Tex.R.App. P. 21.4. If a motion for new trial is to be filed, it must be done within thirty days of sentencing. Tex.R.App. P. 21.4(a). This right emanates exclusively from the Rules

**2.** On March 31, 2005, appellant's counsel filed in this court a "Motion to Abate Appeal To File Out-of-Time Motion For New Trial." In an order dated June 7, 2005, this Court denied appellant's motion. As the issue of abatement, and specifically the ineffective assistance of counsel claim, is the sole issue now argued and briefed on appeal, we withdraw our June 7th order and address the merits of the appeal.

**3.** The State argues that we are without jurisdiction to hear this appeal because "a court of appeals does not have the authority to restore jurisdiction to a trial court absent some indi-

cation already in the appellate record that some error has occurred that would necessitate a hearing on a motion for new trial." Here, however, appellant has timely filed his notice of appeal. Tex.R.App. P. 26.2(a)(1). As explained by the Texas Court of Criminal Appeals, even if we were to abate the appeal and issue a remand order to restart both the time period for filing a new trial motion and the appellate time tables, we would specifically retain jurisdiction over the appeal despite such order. *Jack v. State*, 149 S.W.3d 119, 125 (Tex.Crim.App.2004).

of Appellate Procedure, and the Rules must be strictly complied with when seeking the remedy. *See Drew v. State*, 743 S.W.2d 207, 223 (Tex.Crim.App.1987). When a motion for new trial is not filed in a case, the rebuttable presumption is that it was considered by the defendant and rejected. *Oldham v. State*, 977 S.W.2d 354, 363 (Tex.Crim.App.1998).

The courts of appeals have recognized that the thirty-day period for filing a new trial motion is a critical stage of a criminal proceeding in which defendants are entitled to assistance of counsel. *See Jack v. State*, 64 S.W.3d 694, 696–97 (Tex.App.-Houston [1st Dist.] 2002), pet. dism'd, 149 S.W.3d 119 (Tex.Crim.App.2004); *Prudhomme v. State*, 28 S.W.3d 114, 119 (Tex. App.-Texarkana 2000, order); *Hanson v. State*, 11 S.W.3d 285, 288–89 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd); *Massingill v. State*, 8 S.W.3d 733, 736–37 (Tex.App.-Austin 1999, order, pet. ref'd). The Court of Criminal Appeals has not yet addressed this issue. *Smith v. State*, 17 S.W.3d 660, 663 n. 3 (Tex.Crim.App.2000).

■ Appellant contends that he is entitled to a remand of his case to the trial court so that "he can make a properly counseled decision whether to pursue his appeal." In *Jack v. State*, this Court abated an appeal for the filing of an out-of-time motion for new trial because "[e]verything in the record indicate[d] that appellant was not assisted by counsel during the thirty-day critical stage for filing a motion for new trial." 42 S.W.3d 291, 293 (Tex.App.-Houston [1st Dist.] 2001, order). We abated the appeal "to allow appellant the opportunity to rebut the rebuttable presumption that he was effectively represented by [his attorney] during the thirty-day period after [sentencing]." *Id.* The constitutional underpinning for the procedure enunciated

in *Jack* and the error which appellant complains of (denial of counsel during the time to file his motion for new trial) implicate the Sixth Amendment of the United States Constitution.[4] *Jack*, 42 S.W.3d at 293 (citing *Smith*, 17 S.W.3d at 662). However, such a violation of the Sixth Amendment is subject to a "harmless error" analysis. *Green v. State*, 872 S.W.2d 717, 727 (Tex. Crim.App.1994); *see also Satterwhite v. Texas*, 486 U.S. 249, 257, 108 S.Ct. 1792, 1798, 100 L.Ed.2d 284 (1988) (holding that where absence of counsel does not pervade entire proceeding, Sixth Amendment violations are subject to harmless error analysis).

■ Initially, we note that "[a]n attorney's legal responsibilities do not magically and automatically terminate at the conclusion of the trial." *Ward v. State*, 740 S.W.2d 794, 796 (Tex.Crim.App.1987). Trial counsel remains the defendant's counsel for all purposes until expressly permitted to withdraw. *Id.* at 797. A defendant must rebut the presumption that he received effective assistance of counsel during the time period during which a motion for new trial could be filed. *See Oldham*, 977 S.W.2d at 362–63. Thus, the burden of proof to show abandonment of counsel is upon a defendant. *Id.* at 367.

■ Although no order of withdrawal was entered in the instant case, appellant asserts that "trial counsel was not 'representing' appellant concerning his appeal during the time from sentencing until November 15th." He argues that counsel did not explicitly seek permission to withdraw because "the court obviously shared trial counsel's view that his representation and responsibility had ended with sentencing." After advising appellant of his right to appeal on the record, trial counsel stated, "[appellant] does not have the funds to

4. U.S. CONST. amend. VI.

hire me, if he sought (sic) fit to hire me." He then asked the trial court to "appoint [appellant] a lawyer rather than me to pursue that matter [of appeal] if he wishes to do so." In response, the trial court then stated, "If he wishes to do so, notice of appeal will be filed and the Court will appoint him an attorney to handle the case." It appears that trial counsel sought to prevent "the ambiguity of representation which all too often follows a conviction." *Ward*, 740 S.W.2d at 797. When trial counsel "believes that representation has ended, the appellant as a practical matter receives no assistance at all even though there may still be an attorney of record on the case." *Id.* at 798–800. Having informed appellant and the trial court, on the record, that appellant could not afford to hire him to pursue any appeal, counsel likely regarded that his responsibility did not extend to representing appellant for appellate purposes. *Cf. Ex parte Axel*, 757 S.W.2d 369, 372 (Tex.Crim.App. 1988) (finding indigent applicant did not receive any practical assistance of counsel in protecting and preserving his appellate rights when his attorney informed him that appeal is costly and [appellant] could not financially support one); *see also Burnett v. State*, 959 S.W.2d 652, 656 (Tex. App.-Houston [1st Dist.] 1997, pet. ref'd) (holding that trial counsel's filing of notice of appeal on date of sentencing, together with record notations that appellate counsel was "to be determined," demonstrated that trial counsel was no longer representing appellant); *Callis v. State*, 756 S.W.2d 826, 827 (Tex.App.-Houston [1st Dist.]

1988, no pet.) (same). Moreover, trial counsel's mere filing of a notice of appeal shortly before the deadline was not inconsistent with a finding that "trial counsel thought his duties were completed with the end of the trial, and had thereafter abandoned the appellant." *See Oldham*, 977 S.W.2d at 362–63.

■ Although the record reflects that appellant did not enjoy the benefit of representation following his sentencing and until November 15, we note that appellant counsel was appointed on the same date that appellant's notice of appeal was filed. Although there was still time for appellant to file a motion for new trial, his appellant counsel did not file a motion for new trial. Unlike other cases where courts have found a deprivation of counsel during a critical stage,[5] here, the record indicates that appellant was represented by appointed appellate counsel when time still remained in which to file a motion for new trial. Appellant has asserted, in his previously filed "Motion to Abate Appeal to File Out–of–Time Motion for New Trial," that his appellate counsel received notice of said appointment on November 18, 2004, when only seven days remained in the thirty-day period from sentencing in which appellant was required to file a motion for new trial. Appellant asserts that his appellate counsel did not have time to communicate with appellant, advise him of his right to file a motion for new trial, investigate the pertinent facts, and file a proper motion. However, even if this point were to factor into our disposition of

---

5. *See e.g. Jack,* 64 S.W.3d at 695–96 (appellate counsel appointed 68 days after sentencing); *Prudhomme,* 28 S.W.3d at 120 (appellate counsel appointed 58 days after sentencing); *Massingill,* 8 S.W.3d at 736–37 (district court failed to appoint substitute counsel after permitting trial attorney to withdraw following imposition of sentence); *Hanson,* 11 S.W.3d at 289 (appellant not appointed appellate counsel until seven months after he requested one and during the time his motion for new trial and his appeal were pending); *Blumenstetter v. State,* 117 S.W.3d 541, 547 (Tex. App.-Texarkana 2003, no pet.) (substitute counsel not notified of the appointment until four days after the time to file a motion for new trial).

the case, there is no evidence in the record indicating when appellant's appellate counsel received notice of her appointment. An appellate court may not consider factual assertions that are outside the record. *Janecka v. State*, 937 S.W.2d 456, 476 (Tex.Crim.App.1996). As stated earlier, the trial court promptly appointed counsel after it was notified that appellant had filed a notice of appeal.

We note, as the Court of Criminal Appeals did in *Oldham*, that the record is generally not developed adequately on ineffective assistance of counsel claims in most cases, and for that reason such a claim may be raised on habeas corpus even after rejection on appeal. *See Oldham*, 977 S.W.2d at 363; *see also Ex parte Torres*, 943 S.W.2d 469, 475 (Tex.Crim. App.1997) (holding writ of habeas corpus usually appropriate vehicle to investigate ineffective-assistance claims). Here, appellant was appointed counsel to pursue his appeal on the same day that he filed his written notice of appeal. On this record, we cannot conclude that appellant has rebutted the presumption that he was afforded effective representation of counsel during a critical phase of trial. Accordingly, we overrule appellant's sole point of error.

### Conclusion

We affirm the judgment of the trial court.