IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0010-06






FRANK COOKS, JR., Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


HARRIS COUNTY





 Hervey, J., delivered the opinion of the Court in which Meyers, Womack,
Keasler, Holcomb and Cochran, JJ., joined. Keller, PJ., Price and Johnson, JJ.,
concurred.


O P I N I O N
 A defendant has 30 days to file a motion for new trial after the date that the trial court imposes or
suspends sentence in open court. (1) This case presents the question of whether this 30-day period of time
is a "critical stage" during which a defendant is constitutionally entitled to effective assistance of counsel in
filing a motion for new trial. We decide that this period is a critical stage of a criminal proceeding, but that
the deprivation of effective assistance of counsel is subject to an analysis for prejudice or harm.

 The evidence in this case shows that appellant was involved in an altercation with his co-worker
Tommie Rhodes. The conflict ended in appellant shooting Mr. Rhodes, then shooting him again as he lay
on the ground. Mr. Rhodes survived, but with serious injuries. Appellant was charged with aggravated
assault with a deadly weapon.

 Represented by retained trial counsel Ken Mingledorff, appellant pleaded guilty without any
bargained-for recommendation of punishment by the State. At the sentencing hearing, defense counsel
introduced letters and put on testimony from several people willing to attest to appellant's good character
and gentle nature. Appellant also took the stand, testifying that the altercation would not have happened
if he had been sober and that he "wish[ed] it [had] never happened." The consensus among the defense
witnesses was that appellant was a good man who had made a mistake while drinking, that he had cleaned
up his act since the incident, and that probation would be appropriate.

 The State focused at this hearing on appellant's criminal history. He had been convicted of carrying
a handgun in 1983, and he had also received deferred adjudication for felony criminal mischief that year. 
In 1988, he had received two years' probation for assault. The State argued that appellant had not learned
anything from these light sentences; he was still carrying a gun and still hurting people. The trial court set
punishment at 15 years. After sentence was pronounced, the following exchange took place:

 [DEFENSE TRIAL COUNSEL]: Your Honor, I would like to advise Mr. Cooks on the
record that he has a right to appeal. He does not have the funds to hire me, if he sought
[sic] fit to hire me. Although I don't see grounds for appeal at this time, I would ask the
Court appoint him a lawyer rather than me to pursue that matter if he wishes to do so.


 [TRIAL COURT]: If he wishes to do so, notice of appeal will be filed, and the Court will
appoint him an attorney to handle the case.


 On November 15, 2004, appellant's trial counsel filed notice of appeal, which also requested
appointment of appellate counsel for appellant. The trial court appointed Janet Morrow as appellate
counsel the same day. At this time, 10 days remained of the 30-day period for filing a motion for new trial. 
When the time period for filing a motion for new trial expired on November 25, 2004, no motion for new
trial had been filed.

 On March 31, 2005, appellate counsel filed in the court of appeals a "Motion To Abate Appeal
To File Out-Of-Time Motion For New Trial." (2) We understand appellate counsel to have asserted in the
Motion To Abate that appellant was not represented by his trial counsel or any other counsel after
pronouncement of sentence until appellate counsel's appointment and that appellate counsel did not have
enough time after her appointment to adequately assist appellant in deciding whether to file a motion for
new trial. We also understand appellate counsel to have asserted in the Motion To Abate that appellant
wished to claim in a motion for new trial that his trial counsel was ineffective at the sentencing hearing. 
Appellate counsel asserted in the Motion To Abate that she received "correspondence" from appellant in
which appellant stated that "trial counsel failed to call a named material witness in his defense and failed to
conduct the promised investigation." The court of appeals denied the Motion To Abate on June 7, 2005.

 In his sole point of error on direct appeal, appellant again asserted that there was not enough time
for appellate counsel to adequately assist appellant in deciding whether to file a motion for new trial. 
Appellant requested that the court of appeals abate the appeal and remand the case to the trial court so
that appellant could "make a properly counseled decision whether to pursue his appeal, including the
decision whether to pursue a claim of any kind on timely motion for new trial." See Cooks v. State, 190
S.W.3d 84, 86 (Tex.App.-Houston [1st Dist.] 2005). The court of appeals withdrew its June 7, 2005,
order, denying appellant's Motion To Abate, and addressed the merits of the point of error presented by
appellant on direct appeal. See Cooks, 190 S.W.3d at 86 n.2.

 The court of appeals decided that appellant did not rebut a presumption that he was adequately
represented by appellate counsel during the ten days left (from November 15 to November 25) in which
to file a motion for new trial. See Cooks, 190 S.W.3d at 88-89 (unable to conclude that appellant
"rebutted the presumption that he was afforded effective representation of counsel during a critical phase
of trial" because appellant was represented by appellate counsel "when time still remained in which to file
a motion for new trial"). We granted review of the following ground:

 When appointed appellate counsel "asserts" in a "Motion To Abate Appeal To File Out-Of-Time Motion For New Trial" that whatever time remained of the statutory 30 days,
following her appointment, was insufficient for appellant to "enjoy the benefit" of her
representation at that critical stage of trial, the Court of Appeals should accept counsel's
assertion as rebutting the usual presumption that when no motion for new trial was filed,
it was because an appellant, with the benefit of counsel's representation, had considered
and rejected that option.


(Emphasis in original).


 In resolving this ground, we find it necessary to address whether the 30-day period for filing a
motion for new trial is a critical stage during which a defendant is constitutionally entitled to adequate
assistance of counsel. Although we have held that a hearing on a motion for new trial is a critical stage,
Trevino v. State, 565 S.W.2d 938, 940 (Tex.Cr.App. 1978), this Court has never addressed the question
of whether or not the time for filing the motion is. See Oldham v. State, 977 S.W.2d 354, 360
(Tex.Cr.App. 1998) (explicitly declining to decide whether time for filing motion for new trial is a critical
stage).

 The United States Supreme Court has held, as a matter of federal constitutional law, that
"appointment of counsel for an indigent is required at every stage of a criminal proceeding where substantial
rights of a criminal accused may be affected." Mempa v. Rhay, 389 U.S. 128, 134 (1967). This includes
the first appeal as of right. See Douglas v. California, 372 U.S. 353, 357 (1963). We also note that,
of the several Texas courts of appeals to have addressed this issue, all have held, as a matter of federal
constitutional law, that the period for filing a motion for new trial is a critical stage. See Massingill v. State,
8 S.W.3d 733, 736-37 (Tex. App-Austin 1999, pet. ref'd) (in order to obtain meaningful appeal,
sometimes a defendant must prepare, file, present, and obtain a hearing on a motion for new trial; it is
unreasonable to require him to do this without assistance); see also Funk v. State, 188 S.W.3d 229, 231
(Tex. App.-Fort Worth 2006, no pet.); Champion v. State, 82 S.W.3d 79, 83 (Tex. App.-Amarillo
2002, pet. ref'd); Prudhomme v. State, 28 S.W.3d 114, 119 (Tex. App.-Texarkana 2000, pet. ref'd);
Hanson v. State, 11 S.W.3d 285, 288 (Tex. App.-Houston [14th Dist.] 1999, pet. ref'd). (3)

 We further note that, in Texas, a defendant generally need not file a motion for new trial to preserve
issues for appeal. However, this is not always the case. Sometimes a motion for new trial is a necessary
step to adduce facts not otherwise in the record, in order to be able to present these points of error based
on those facts in the appeal. See Tex. R. App. P. 21.2; G. Dix & R. Dawson, 43A Texas Practice:
Criminal Practice and Procedure § 41.01 (2nd ed. 2001). Thus, the substantial right of a defendant in
Texas to preserve some issues for appeal can be at stake during this stage of the proceedings. (4) In addition,
while a trial judge may grant a new trial based on issues unpreserved during the trial, those same issues
might not be cognizable on appeal without having been timely raised at a motion for new trial. See
Herndon v. State, 215 S.W.3d 901, 909 (Tex.Cr.App. 2007). Thus, for example, if a defendant is
denied counsel's assistance during this stage, he may lose the opportunity to get a new trial based on issues
that cannot be raised on appeal. (5) Based on the foregoing, we decide, as a matter of federal constitutional
law, that the time for filing a motion for new trial is a critical stage of the proceedings, and that a defendant
has a constitutional right to counsel during that period.

 However, there still exists, in cases like this where a defendant is represented by counsel during
trial, a rebuttable presumption that this counsel continued to adequately represent the defendant during this
critical stage. See Oldham, 977 S.W.2d at 360-63 (discussing this rebuttable presumption). (6) Even when
a defendant can rebut this presumption with evidence that he was deprived of adequate counsel during this
critical stage, this deprivation of counsel is subject to a harmless error or prejudice analysis. See
Satterwhite v. Texas, 486 U.S. 249, 257 (1988) (deprivation of right to counsel subject to harmless error
analysis when this deprivation did not contaminate "the entire criminal proceeding"); Massingill, 8 S.W.3d
at 737 (denial of counsel during 30-day period for filing motion for new trial is not structural error and is,
therefore, subject to "harmless beyond reasonable doubt" standard); but cf. Prudhomme, 28 S.W.3d at
120 (suggesting that prejudice should be presumed when a defendant is without counsel during the entire
30-day period for filing motion for new trial, but deciding that, even if prejudice is not presumed, the
deprivation of counsel during entire time for filing motion for new trial in that particular case was not
harmless beyond reasonable doubt).

 These principles also support a decision in this case that there is a rebuttable presumption that
appellant was adequately represented by appellate counsel during the ten days that she had remaining after
her appointment to file a motion for new trial. See Cooks, 190 S.W.3d at 88 (appellant was represented
by appellate counsel "when time still remained in which to file a motion for new trial"). However, the
evidence that appellant was unrepresented by counsel during the initial twenty days (7) of the 30-day period,
and appellate counsel's assertion in the Motion To Abate that there was not enough time after her
appointment for her to adequately assist appellant in deciding whether to file a motion for new trial, are
sufficient to rebut the presumption that appellant was adequately represented by counsel during this entire
30-day period. (8)

 We also decide, however, that this deprivation of counsel during the 30-day critical stage for filing
a motion for new trial was harmless beyond a reasonable doubt. Appellate counsel's Motion To Abate
presented no "facially plausible claims" that could have been presented in a motion for new trial, even
though appellate counsel had over four months to discover any such claims from the time of her
appointment on November 15, 2004, until she filed the Motion To Abate on March 31, 2005. See
Prudhomme, 28 S.W.3d at 121 (deprivation of counsel during period for filing motion for new trial not
harmless where defendant had "facially plausible claim" which he was unable to present to trial court in a
motion for new trial and to make a record for appellate review); Massingill, 8 S.W.3d at 737-38
(deprivation of counsel during period for filing of motion for new trial not harmless where defendant
asserted a "facially plausible claim" that could have been presented in motion for new trial).

 Appellate counsel's conclusory allegation in the Motion To Abate recounting appellant's out-of-court assertion in correspondence to her "that trial counsel failed to call a named material witness in his
defense and failed to conduct the promised investigation" did not establish any facially plausible claim of
ineffectiveness of trial counsel. See Rozell v. State, 176 S.W.3d 228, 230 (Tex.Cr.App. 2005) (right to
hearing on motion for new trial is not absolute, and trial court should generally hold hearing on motion for
new trial "if the motion and attached affidavit raise matters that are not determinable from the record that
could entitle the accused to relief"); Jordan v. State, 883 S.W.2d 664, 665 (Tex.Cr.App. 1994)
(defendant not entitled to hearing on motion for new trial asserting ineffectiveness of counsel based, in part,
on conclusory affidavit stating that "counsel failed to properly investigate the facts and failed to subpoena
two named witnesses"). This conclusory allegation does not establish reasonable grounds to believe that
appellant's trial counsel was ineffective. See id. Appellate counsel's Motion To Abate does not set out
what evidence or information the "named material witness" or a "promised investigation" would have
revealed that reasonably could have changed the result of this case. 

 We decide, as a matter of federal constitutional law, the period for filing a motion for new trial is
a critical stage, and that, appellant has established that he was denied counsel during this critical stage in
this case. We also decide that, on this record, this denial of counsel did not harm or prejudice appellant.

 The judgment of the court of appeals is affirmed.

 Hervey, J.


Delivered: November 21, 2007

Publish
1. See Tex. R. App. P. 21.4(a).
2. The Motion To Abate was not part of the record that this Court received from the court of appeals. 
The court of appeals was unable to locate the Motion To Abate in its records. The court of appeals
obtained a copy of the Motion To Abate from one of the parties and forwarded it to this Court. This copy
of the Motion To Abate indicates that it was filed in the court of appeals on March 31, 2005. The court
of appeals' official website confirms this. We, therefore, consider the copy of the Motion To Abate that
was forwarded to this Court and order that it be made a part of the record. 
3. The Texas Legislature has also established, as a matter of state statutory law, that a criminal
defendant is entitled to counsel, not just at trial, but also during the first appeal as of right. See Article
1.051(d), Tex. Code Crim. Proc. As a matter of state statutory law, this would seem to apply to the
period for filing a motion for new trial, since it comes between trial and appeal.
4. The Oklahoma Court of Criminal Appeals has held that the period for filing a motion for new trial
is not a critical period because "the filing of a motion for new trial is not necessary to preserve any issues
for appellate review in Oklahoma." See Runnels v. State, 896 P.2d 564, 566 (Okl.Cr.App. 1995). The
Court in Runnels, 896 P.2d at 566, however, qualified this by stating:


 However, we do not mean to imply that counsel need not ever be
provided. Rather, the decision to appoint counsel for these [new trial]
hearings rests within the sound discretion of the trial court. Trial courts
should scrutinize pro se motions for new trial to determine if counsel
should be furnished. If a motion appears to contain a viable or realistic
basis for new trial, a defendant should be provided with counsel.
5. See also Kitchen v. United States, 227 F.3d 1014, 1018 (7th Cir. 2000) (pre-appeal period for
filing motion for new trial is critical stage during which defendant is constitutionally entitled to assistance of
counsel); King v. State, 613 So.2d 888, 891 (Ala.Cr.App. 1993) (period for filing post-trial motion for
new trial is a critical stage because "post-trial motion is necessary in certain instances to preserve issues
for appellate review, most notably claims of ineffective assistance of counsel"); People v. Finley, 379
N.E.2d 645, 650 (Ill. App. 1978) (post-trial motion for new trial is critical stage because post-trial motion
for new trial is usually required to preserve issues for appeal). 
6. This also includes a rebuttable presumption, as quoted in appellant's ground for review, that "when
no motion for new trial was filed, it was because an appellant, with the benefit of counsel's representation,
had considered and rejected that option" (emphasis in original). See Oldham, 977 S.W.2d at 363.
7. See Cooks, 190 S.W.3d at 88 (noting that record reflects that appellant did not enjoy the benefit
of representation following his sentencing and until November 15 when appellate counsel was appointed).
8. The court of appeals' opinion does not address the effect of appellate counsel's assertion in the
Motion To Abate on the rebuttable presumption of adequate representation. In other words, we read the
court of appeals' opinion to decide that it was unrebutted that appellate counsel had enough time to
adequately represent appellant without considering appellate counsel's assertion in the Motion To Abate
that there was not enough time for her to do this. See Cooks, 190 S.W.3d at 88-89.