Opinion issued March 10, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00866-CR

———————————

Abdonal Delgado Cespedes, Appellant

V.

THE State of
Texas, Appellee



 



 

On Appeal from the 179th District Court

Harris County, Texas



Trial Court Case No. 1177834

 



 

MEMORANDUM OPINION

Appellant, Abdonal Delgado Cespedes, appeals a judgment finding him
guilty of aggravated sexual assault of a child. 
See Tex. Penal Code Ann. § 22.021(a)(1)(B) (West
2007).  In two issues, appellant contends
that he is entitled to a new trial because he received ineffective assistance
of counsel from his trial counsel and his initial appellate counsel.  Concluding the record fails to demonstrate
that either counsel was ineffective, we affirm.

Background

          When
the complainant was around eight years old, her mother and appellant   began
dating.  Within a short time, appellant
moved in with the complainant’s mother, the complainant, and her two
brothers.  Soon after moving in,
appellant began touching the complainant’s legs and shoulders.  When she was about nine years old, the
complainant was watching TV in her mother’s room while her mother was at work.  Appellant entered the room and locked the door
behind him.  He approached and began
kissing her on the neck and lips.  The
complainant was in shock.  Appellant
removed her pants and pulled down his pants. 
Appellant penetrated her sexual organ with his sexual organ.  The complainant protested that it hurt;
appellant did not stop.  After he
ejaculated, appellant, referring to her virginity, told her that “what’s done
is done” and that she “couldn’t go back.” 
Appellant advised that she should not tell anybody because they both
“could get locked up.”  The complainant
believed him and felt as if she had done something wrong.

          Over
the next three years, appellant routinely had sexual intercourse with the
complainant, approximately four times a week. 
When the complainant refused, appellant would get mad at her or her
brothers, and he would withhold money and gifts.  In October 2007, when she was about 13 years
old, the complainant, while in the bathroom at school, cut her wrists with a
razor blade taken from home.  With her
blood she wrote the words “help me” on the wall.  Even though she was taken to see a doctor,
she did not reveal the sexual abuse.  The
last instance occurred about a week before appellant and her mother broke up,
while the complainant was still 13.

          The next
February, the complainant got into a fight with a girl at school.  While she was in detention, the teacher,
suspecting something was wrong, asked if she had any problems at home and if
anybody had hurt her.  The complainant
admitted she had problems with appellant. 
Even though her parents had separated about a month before, appellant
showed up at the school to take the complainant home.  Upon seeing appellant, the complainant began
crying, telling him to get away from her. 
A teacher took the complainant away. 
The complainant then revealed everything that had happened.

          Appellant
was indicted for aggravated sexual assault of a child.  On September 29, 2009, the case proceeded to
a jury trial.  Appellant initially
entered a plea of not guilty.  However,
after the complainant testified, appellant decided he wanted to change his plea
to guilty.  Appellant was advised by his
trial counsel concerning his decision to plead guilty, and the trial court
orally admonished appellant when he changed his plea to guilty.

The case proceeded to the
punishment stage, where the State called three witnesses before resting.  Appellant’s trial counsel cross-examined the
second witness and made several objections to the third witness’s testimony.  Trial counsel presented appellant as a
witness.  While testifying, appellant
asked for forgiveness, accepted responsibility for his actions, and offered
evidence of his eligibility for community supervision.  Trial counsel presented no other witnesses or
evidence.  The jury found appellant guilty
and assessed his sentence at life imprisonment and a $10,000 fine.

          On
the day of sentencing, trial counsel filed a notice of appeal, requested to
withdraw from the case, and asked the trial court to appoint new counsel.  The same day, the trial court granted the
motion and appointed appellate counsel.  Two
days after sentencing, appellate counsel swore to the affirmation acknowledging
his appointment.  No motion for a new
trial was filed within the 30-day window. 

During the pendency of this appeal, initial appellate counsel was substituted
by the current appellate counsel, who appellant retained to file the brief in
this case.

Ineffective Assistance of Counsel

          In his
two issues, appellant contends that his trial attorney and initial appellant
attorney were ineffective.

          A. Applicable General Principles

To prevail on a claim of ineffective
assistance of counsel, an appellant must prove by a preponderance of the
evidence that (1) counsel’s performance was so deficient that that his
assistance fell below an objective standard of reasonableness and (2) there is
a reasonable probability that but for the deficient performance, the outcome
would have been different.  Strickland v. Washington, 466 U.S. 668,
686, 104 S. Ct. 2052, 2063–64 (1984); Thompson
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  The effectiveness of assistance of counsel is
reviewed in context with the totality of the representation and the particular
circumstances of each case.  Strickland, 466 U.S. at 695, 104 S. Ct.
at 2069; Thompson, 9 S.W.3d at
813.  In proving that his counsel’s
performance was deficient, an appellant must overcome a strong presumption that
counsel’s action was a sound trial strategy. 
Strickland, 466 U.S. at 689,
104 S. Ct. at 2065; Thompson, 9
S.W.3d at 813.  Any allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.  Thompson,
9 S.W.3d at 813.  When the reasons for
counsel’s conduct do not appear in the record, an appellate court will conclude
counsel performed deficiently only if counsel’s decisions could not have been
pursuant any reasonable trial strategy that is conceivable, potentially
available, and legitimate.  Andrews v. State, 159 S.W.3d 98, 103
(Tex. Crim. App. 2005).

B. Trial
Counsel’s Failure to Call Witnesses

Appellant asserts in this first issue
that although trial counsel presented appellant testimony during the punishment
phase of trial, the attorney should have presented other witnesses to present
mitigation evidence.  When the claim of
ineffective assistance is based on counsel’s failure to call a witness, the
appellant must show that the witness was available to testify and that
appellant would have benefitted from his testimony.  Ex parte
White, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004) (citing King v. State, 649 S.W.2d 42, 44 (Tex.
Crim. App. 1983)); see Pinkston v. State,
744 S.W.2d 329, 332 (Tex. App.—Houston [1st Dist.] 1988, no pet.).  The decision whether to present witnesses is
largely a matter of trial strategy.  Shanklin v. State, 190 S.W.3d 154, 164
(Tex. App.—Houston [1st Dist.] 2005, pet dism’d).  “Moreover, an attorney’s decision not to
present particular witnesses at the punishment stage may be strategically sound
decision if the attorney bases it on a determination that the testimony of the
witnesses may be harmful, rather than helpful, to the defendant.”  Id.
(citing Weisinger v. State, 775
S.W.2d 424, 427 (Tex. App.—Houston [14th Dist.] 1989, pet. ref’d)).  “However, a failure to uncover and present
mitigating evidence cannot be justified as a tactical decision when defense
counsel has not conducted a thorough investigation of the defendant’s
background.”  Id. (citing Wiggins v. Smith,
539 U.S. 510, 521, 123 S. Ct. 2527, 2535 (2003); Rivera v. State, 123 S.W.3d 21, 31 (Tex. App.—Houston [1st Dist.]
2003, pet. ref’d)). 

There is nothing in the record that rebuts
the presumption that trial counsel’s decision not to present witnesses during
the punishment stage was based on a sound and valid trial strategy.  See
Strickland, 466 U.S. at 689, 104 S.
Ct. at 2065; Thompson, 9 S.W.3d at
813.  No evidence shows that any
additional witnesses would have been available to testify nor that their
testimony would have benefitted appellant. 
Additionally, there is nothing in the record to indicate that trial
counsel failed to conduct a thorough investigation prior to trial.  See
Shanklin, 190 S.W.3d at 164 (citing Wiggins,
539 U.S. at 521, 123 S. Ct. at 2535; Rivera,
123 S.W.3d at 31).  We hold that appellant
fails to establish that trial counsel’s performance fell below an objectively
reasonable standard.  See Strickland,
466 U.S. at 695, 104 S. Ct. at 2069; Thompson,
9 S.W.3d at 813; Starz v. State, 309
S.W.3d 110, 119–20 (Tex. App.—Houston [1st Dist.] 2009, pet. ref’d) (finding
that counsel was not ineffective for failing to interview and call a witness
because, although witness was available, record did not indicate what
information he possessed or whether it would be helpful to defendant); Henderson v. State, 29 S.W.3d 616, 624
(Tex. App.—Houston [1st Dist.] 2000, pet. ref’d) (holding trial counsel was not
ineffective when the record was silent as to trial counsel’s reasons for
declining to request additional instruction on concurrent causation).  

We overrule appellant’s first issue.

C. Initial
Appellate Counsel’s Failure to File a Motion for New Trial

In his second issue, appellant
contends that his initial appellate counsel should have filed a motion for new
trial discussing appellant’s withdrawal of his guilty plea and presenting the
mitigation evidence that the trial attorney failed to introduce at the trial.  A defendant has a right to file a motion for
a new trial within 30 days of sentencing. 
Tex. R. App. P. 21.4(a).  The courts of appeals have recognized that
the 30-day period for filing a new trial motion is a critical stage of a criminal
proceeding in which defendants are entitled to assistance of counsel.  Cooks v.
State, 190 S.W.3d 84, 87 (Tex. App.—Houston [1st Dist.] 2005), aff’d, 240 S.W.3d 906 (Tex. Crim. App.
2007).  When a motion for a new trial is
not filed, there is a rebuttable presumption that the defendant was adequately
advised by counsel and that the defendant considered and rejected the motion
for a new trial.  Oldham v. State, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998).

Appellant contends that he rebutted
this presumption through allegations made in his brief that appellate counsel
never spoke with or informed appellant of his right to file a motion for new
trial and that if counsel had file the motion, appellant would have been able
to develop the record concerning his guilty plea and the mitigation evidence
that his trial attorney failed to present. 
Nothing in the record supports these suggestions.  See
Thompson, 9 S.W.3d at 813.  Nothing in the record rebuts the presumption
that appellant was adequately informed of his rights and effectively
represented.  See id.  Here, within two days of his sentence, appellant
was appointed his initial appellate counsel. 
Nothing in the record suggests that appellate counsel failed to advise
appellant concerning the merits of a motion for new trial.  See
Smith v. State, 17 S.W.3d 660, 663 (Tex. Crim. App. 2000).  We hold that appellant fails to establish
that appellate counsel’s performance fell below an objectively reasonable
standard.  See Strickland, 466 U.S.
at 695, 104 S. Ct. at 2069; Thompson,
9 S.W.3d at 813.

We overrule appellant’s second issue.

Conclusion

We affirm the judgment of the trial court.

 


                                                                   Elsa
Alcala

                                                                   Justice

 

Panel consists
of Chief Justice Radack and Justices Alcala and Bland.

 

Do not
publish.  See Tex. R. App. P. 47.2(b).