**Motion for En Banc Reconsideration Dismissed as Moot; Majority and Dissenting Opinions of July 23, 2020, Withdrawn; Affirmed and Substitute Memorandum Opinion filed April 29, 2021.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-18-01066-CR**
**NO. 14-18-01067-CR**

---

**ELONDA CALHOUN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1545108 and 1545140**

---

## SUBSTITUTE MEMORANDUM OPINION

We withdraw the opinions issued in this case on July 23, 2020, and issue this substitute memorandum opinion. We dismiss as moot appellant's motion for en banc reconsideration.

Appellant pleaded guilty to two aggravated robberies involving the use of a deadly weapon without an agreed recommendation as to punishment. After

hearing evidence about these robberies, three other robberies, and appellant's criminal history, the trial court assessed punishment at fifty years' imprisonment in each case to run concurrently. In her sole issue on appeal, appellant requests an abatement to file a motion for new trial because she contends that she was not represented by counsel during the time period for filing the motion. We affirm.

## I.    Background

The trial court sentenced appellant and signed a judgment of conviction on December 5, 2018. Her trial counsel withdrew on the same day. The record includes a pauper's oath and order signed by the trial court that states the court held a hearing on December 5, 2018, found appellant indigent, and appointed Harris County Assistant Public Defender Scott Pope to represent appellant on appeal. The document, however, was file-stamped by the district clerk on January 3, 2019. The court's docket sheet includes an entry for December 5, 2018: "The defendant filed a sworn pauper's oath, and JUDGE MORTON, CHRISTOPHER DEAN ordered POPE, SCOTT CHRISTOPHER appointed as PUBLIC DEFENDER APPOINTED ON APPEAL."

Pope did not file a motion for new trial. On January 16, 2019, Harris County Assistant Public Defender Daucie Schindler was designated as appellant's new counsel on appeal; Pope was removed.

## II.    Analysis

Appellant contends that Pope was not appointed until January 3, 2019, when the district clerk file-stamped the order, and thus, appellant was unrepresented by counsel for almost all of the time available for filing a motion for new trial. *See, e.g.*, *Cooks v. State*, 240 S.W.3d 906, 907–08 (Tex. Crim. App. 2007) (holding that the thirty-day time period for filing a motion for new trial is a critical stage of a

2

criminal proceeding for which a defendant is constitutionally entitled to effective assistance of counsel in filing a motion for new trial). The State contends that Pope was appointed on December 5, so appellant was not denied representation for any period of time during the thirty-day period for filing a motion for new trial. We agree with the State.

Orders of the court, like judgments, routinely go through three stages: (1) rendition, (2) signing, and (3) entry. *See Butler v. Amegy Bank, N.A.*, No. 14-15-00410-CV, 2016 WL 3574685, at *7 (Tex. App.—Houston [14th Dist.] June 30, 2016, no pet.) (mem. op.). The signing of an order is a judicial function that is distinct from the clerk's ministerial act of entering the order into the records of the court. *State v. Wachtendorf*, 475 S.W.3d 895, 899, 901–02 (Tex. Crim. App. 2015) (plurality op.) (holding that the time for the State to appeal began on the date the trial judge signed the order, not the later date that the clerk file-stamped the order, although the State lacked actual notice of the signed order until the date it was file-stamped); *see also Wilson v. State*, 677 S.W.2d 518, 522 (Tex. Crim. App. 1984).

Here, the order itself states, and the docket entry confirms, that Pope was appointed as appellate counsel on December 5, the same day the trial court sentenced appellant and signed the judgment of conviction. Thus, appellant was represented by counsel during the entire time period for filing a motion for new trial. No abatement is necessary to determine whether appellant was represented by counsel during the time period for filing a motion for new trial. Nor is such an abatement advisable. *See Benson v. State*, 224 S.W.3d 485, 493–95 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (en banc) (abandoning the "double abatement" procedure by which the court would abate for the trial court to determine whether the appellant was represented by counsel during the time period for filing a motion

3

for new trial) (citing *Jack v. State*, 149 S.W.3d 119 (Tex. Crim. App. 2004) (per curiam)).

The record does not affirmatively show that Pope rendered ineffective assistance or that he lacked notice of his appointment until after the time period for filing a motion for new trial, and even if such an argument could be inferred from appellant's briefing to this court, we may not consider factual assertions that are outside the record. *See Cooks v. State*, 190 S.W.3d 84, 88–89 (Tex. App.—Houston [1st Dist.] 2005), *aff'd*, 240 S.W.3d 906 (Tex. Crim. App. 2007). If Pope's appellate representation was deficient or he lacked notice of his appointment such that appellant's right to appeal has been prejudiced, a habeas proceeding would allow appellant to develop a record. *See id.* (citing *Oldham v. State*, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998); *cf. Ex parte Mayfield*, No. AP-75,396, 2006 WL 1250837 (Tex. Crim. App. May 10, 2006) (per curiam) (not designated for publication) (granting out-of-time appeal when appellate counsel was not timely informed of the appointment).

## III. Conclusion

Appellant's sole issue is overruled. The trial court's judgment is affirmed.

/s/     Ken Wise
         Justice

Panel consists of Justices Wise, Jewell, and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).

4