IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,518-01






EX PARTE JIMMY LEE NASH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 01F0271-202 IN THE 202ND DISTRICT COURT


FROM BOWIE COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to forty years' imprisonment. In his initial appeal, the court of appeals
concluded that the trial court erred in failing to charge the jury on the lesser included offense of
robbery. Nash v. State, 115 S.W.3d 136, 141 (Tex. App. -- Texarkana 2003, no pet.). On remand,
Applicant was again convicted of aggravated robbery and sentenced to forty years' imprisonment. 
The Sixth Court of Appeals affirmed the second conviction on appeal. Nash v. State, 175 S.W.3d
427 (Tex. App.-- Texarkana 2005, pet. ref'd).

 Applicant filed this application with the district clerk on November 29, 2004. At that
time, Applicant's direct appeal was pending. Mandate issued on March 1, 2006. This Court
has determined that Applicant's writ was denied in error. After reconsideration on its own
motion, the Court finds that Applicant's previous application for a writ of habeas corpus
should have been dismissed because Applicant's direct appeal was pending. Accordingly,
the Court withdraws its prior order denying the application without written order and enters
an order dismissing the application.

 Applicant's writ application is dismissed without prejudice. See Ex parte Torres, 943
S.W.2d 469 (Tex. Crim. App. 1997).

Delivered: December 13, 2006

Do Not Publish