

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00022-CR

_____

IN RE:   JIMMY LEE NASH

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Jimmy Lee Nash has filed a petition for writ of mandamus in which he asks this Court to delete an affirmative finding of a deadly weapon from the judgment memorializing his conviction for aggravated robbery. He argues that he did not possess a weapon, and states that our opinion affirming his conviction so states—thus, we should order the judgment reformed to reflect the true level of proof. Nash filed a motion asking the 202nd Judicial District Court to reform the judgment. In the body of his petition, he asks this Court to order the trial judge to issue an order to delete the finding of a weapon.[1]

Mandamus requires existence of a legal duty to perform a nondiscretionary act; a demand for performance and a refusal. *In re Blakeney*, 254 S.W.3d 659 (Tex. App.—Texarkana 2008, orig. proceeding). "'When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act,' and mandamus may issue to compel the trial judge to act." *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding); *see also Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding) (per curiam). However, while we have jurisdiction to direct

---

[1]Nash's first direct appeal from his conviction resulted in a reversal for a new trial, based upon the failure of the trial court to provide a requested lesser-included offense question for the jury's consideration. *Nash v. State*, 115 S.W.3d 136 (Tex. App.—Texarkana 2003, no pet.). We found that request was valid because there was conflicting evidence as to whether Nash was carrying a deadly weapon during the robbery.

The case was retried after remand, and once again appealed. *Nash v. State*, 175 S.W.3d 427 (Tex. App.—Texarkana 2005, pet. ref'd). In our opinion on that appeal, we again acknowledged the conflict in the evidence. We then recognized that there was evidence from which a jury could (and did) conclude that the item in Nash's hand and placed against the victim was a deadly weapon and that the evidence to the contrary was not so strong as to allow this Court to make a different determination and overturn the jury verdict.

the trial court to proceed to judgment, we may not tell the court what judgment it should enter. *Crofts v. Court of Civil Appeals for Eighth Supreme Judicial Dist.*, 362 S.W.2d 101 (Tex. 1962) (orig. proceeding); *State ex rel. Hill v. Court of Appeals for Fifth Dist.*, 34 S.W.3d 924, 927 n.3 (Tex. Crim. App. 2001) (orig. proceeding); *O'Donniley v. Golden*, 860 S.W.2d 267, 269–70 (Tex. App.—Tyler 1993, orig. proceeding) (per curiam).

Nash asks this Court to order the trial judge to enter a particular order. In this context, as it is not connected with the enforcement of our judgment or mandate, we may not do so.

We deny the petition.


Bailey C. Moseley
Justice

Date Submitted: February 1, 2012
Date Decided: February 2, 2012

Do Not Publish

3