**Jimmy Lee NASH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–01–00191–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted July 11, 2003.

Decided Aug. 5, 2003.

Jeff Harrelson, Dowd, Harrelson, Moore & Giles, Texarkana, AR, for Appellant.

Nicole Habersang, Assistant District Attorney, Texarkana, for Appellee.

Hon. Jeff Harrelson, for Jimmy Lee Nash.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

The surveillance video of May 31, 2001, shows Jimmy Lee Nash, in a Texarkana, Texas, convenience store, standing across the counter from Joanna Christensen, the clerk on duty that night, then brandishing something in his right hand, clambering over the counter, and ordering Christensen to open the cash register drawer. She complied, and Nash took approximately $47.00 from the register. After a brief trial, a Bowie County jury convicted Nash of aggravated robbery, and he was sentenced to forty years' imprisonment. On appeal, Nash contends that (1) the trial court erred by failing to submit his requested charge on the lesser included offense of robbery, (2) the evidence is legally and factually insufficient to sustain his conviction, and (3) he did not receive effective assistance of counsel at trial.

Nash first contends the trial court should have charged the jury on the lesser included offense of robbery. Nash committed aggravated robbery if he committed "robbery as defined in Section 29.02, and he ... use[d] or exhibit[ed] a deadly weapon...." TEX. PEN.CODE ANN. § 29.03(a) (Vernon 2003). A "deadly weapon" is

(A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or

(B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

TEX. PEN.CODE ANN. § 1.07(17) (Vernon 2003).

A defendant is entitled to a charge on a lesser included offense if (1) the lesser offense is included within the proof necessary to establish the offense charged, and (2) there is some evidence

that would permit the jury rationally to find that, if the defendant is guilty, he or she is guilty only of the lesser offense. *Wesbrook v. State,* 29 S.W.3d 103 (Tex. Crim.App.2000); *Rousseau v. State,* 855 S.W.2d 666, 672–73 (Tex.Crim.App.1993); *Dowden v. State,* 758 S.W.2d 264, 268 (Tex. Crim.App.1988); *Royster v. State,* 622 S.W.2d 442, 446 (Tex.Crim.App. [Panel Op.] 1981). If a defendant either presents evidence that he or she committed no offense or presents no evidence, and there is no evidence otherwise showing he or she is guilty only of a lesser included offense, then a charge on a lesser included offense is not required. *Aguilar v. State,* 682 S.W.2d 556, 558 (Tex.Crim.App.1985), *quoted by Bignall v. State,* 887 S.W.2d 21, 22–24 (Tex.Crim.App.1994).

■ Before a defendant is entitled to a charge on a lesser included offense, the evidence must not merely raise the possibility of the lesser offense, but must establish the lesser included offense as a valid rational alternative to the charged offense. *Wesbrook,* 29 S.W.3d at 113–14; *Arevalo v. State,* 943 S.W.2d 887, 889 (Tex.Crim.App. 1997). This means that the evidence must allow a jury to conclude rationally that the defendant was guilty only of the lesser offense. *Wesbrook,* 29 S.W.3d at 113–14. Therefore, if there was more than a scintilla of evidence that would allow a rational jury to conclude Nash either had no weapon at all or had only a weapon that was not "deadly," the lesser included offense of robbery should have been charged.

Christensen testified Nash used an ice pick in the robbery. We have carefully and repeatedly reviewed the store videotape, which the State argues shows Nash holding a weapon. We must conclude the videotape does not reveal a weapon; certainly not conclusively. It is apparent that Nash had something in his right hand, but what it was cannot be discerned-and what is visible does not appear to be metallic or a weapon. While the videotape's lack of a clearly visible weapon does not demonstrate that no weapon existed, it is some evidence that there was no weapon or that whatever Nash had in his hand was, due to its type or size, not deadly. This is true especially given the testimony of the investigating detective that, when arrested, Nash claimed not to have used a weapon during the robbery. That, also, is some evidence.[1]

■ Thus, there is some evidence that Nash was either not carrying any item that might be considered a weapon, or that the item he was carrying was not a *deadly* weapon. Under this evidence in the brief record, we must conclude that robbery was a rational alternative which could have been found by the jury and that the trial court therefore erred by not charging the jury on the lesser included offense.

■ The erroneous refusal to give a requested instruction on a lesser included offense is subject to an *Almanza* harm analysis. *Saunders v. State,* 840 S.W.2d 390, 392 (Tex.Crim.App.1992); *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App. 1985) (op. on reh'g). When an error occurs despite a defendant's objection, reversal is required if the error resulted in some harm to the accused. *Arline v. State,* 721 S.W.2d 348, 351 (Tex.Crim.App. 1986); *Almanza,* 686 S.W.2d at 171. In situations where the absence of the lesser included offense instruction left the jury with the sole option of either convicting

---

1. Even Christensen's testimony contains some evidence that could be used by a rational jury to refuse to make a deadly weapon finding. On direct examination, when Christensen was asked to indicate the size of the ice pick she accused Nash of using, said, "It was maybe only like about-it just went to the tip of his fingers."

the defendant of the charged offense or acquitting him or her, a finding of harm is essentially automatic because the jury was denied the opportunity to convict the defendant of the lesser offense. *Saunders v. State*, 913 S.W.2d 564, 571 (Tex.Crim.App. 1995); *Schroeder v. State*, —— S.W.3d ——, ——, No. 13–01–333–CR, 2003 WL 345331, at *5 (Tex.App.-Corpus Christi Feb.13, 2003, no pet. h.). That is the situation in this case. Accordingly, we must reverse.

We must also, however, address Nash's challenge to the sufficiency of the evidence, even though the conviction must be reversed on other grounds. *See McFarland v. State*, 930 S.W.2d 99, 100 (Tex. Crim.App.1996); *Foster v. State*, 635 S.W.2d 710, 717 (Tex.Crim.App.1982).

 In reviewing the legal sufficiency of the evidence, we view the relevant evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App.2000). In our review, we must evaluate all of the evidence in the record, both direct and circumstantial, whether admissible or inadmissible. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim.App.1999). In contrast, we review for factual sufficiency by viewing the evidence in a neutral light, favoring neither party. *Johnson*, 23 S.W.3d at 7; *see Clewis v. State*, 922 S.W.2d 126, 134 (Tex. Crim.App.1996). In determining factual sufficiency of the evidence, we set aside the verdict only if it is so contrary to the overwhelming weight of the evidence that it is clearly wrong and unjust. *Johnson*, 23 S.W.3d at 7; *Clewis*, 922 S.W.2d at 129.

We have already set out most of the evidence of guilt. Nash focuses his argument on the adequacy of the proof that he used a "deadly weapon" in the course of the robbery. He asserts that the testimony of the store clerk alone is not sufficient to support the conclusion he used a deadly weapon. We disagree.

Christensen testified she saw a pointed piece of metal in Nash's hand; that it was an ice pick; that Nash came over the counter, ordered her to open the register, and threatened to kill her if she did not; that Nash put the tip of the weapon against her body; and that she was afraid for her life. Steve Shelley, the investigating officer, testified that such an item could indeed cause death or serious bodily injury and that in his opinion it was a deadly weapon. Though not revealing a weapon, the videotape corroborates most of Christensen's testimony and clearly demonstrates Nash's proximity to Christensen, his threatening behavior toward her, and Christensen's fearful reactions.

 Several factors can be used in determining whether an object is capable of causing death or serious bodily injury: (1) physical proximity between the victim and the object, *Tisdale v. State*, 686 S.W.2d 110, 115 (Tex.Crim.App.1984); (2) the threats or words used by the assailant, *Williams v. State*, 575 S.W.2d 30 (Tex. Crim.App. [Panel Op.] 1979); (3) the size and shape of the weapon, *Blain v. State*, 647 S.W.2d 293, 294 (Tex.Crim.App.1983); (4) the weapon's ability to inflict death or serious injury, *id.*; and (5) the manner in which the defendant used the weapon. *Id.* No single factor is determinative, and each case must be examined on its own facts. *Brown v. State*, 716 S.W.2d 939, 946–47 (Tex.Crim.App.1986). Either expert testimony or lay testimony may be sufficient to support a finding. *English v. State*, 647 S.W.2d 667, 668–69 (Tex.Crim.App.1983). Introducing the weapon in evidence assists the jury, but the jury may determine the weapon was capable of causing death or

serious bodily injury even if it is not in evidence. *Id.* at 669.

In this case, there is evidence that the object was placed against the victim and that Nash threatened to kill her, as well as testimony about the size and shape of the weapon, its ability to inflict harm or death, and the manner in which Nash used it. Although there is some evidence that either Nash had no weapon in his hand or that it was not "deadly," the jury's duty is to weigh the evidence and determine the truth. The evidence set out above is both legally and factually sufficient to allow a jury to conclude the item was a deadly weapon, and the evidence to the contrary is not so strong as to require us to make a different determination. *See Charleston v. State,* 33 S.W.3d 96, 100 (Tex.App.-Texarkana 2000, pet. ref'd).

Because we reverse on other grounds, we need not address Nash's claim of ineffective assistance of counsel.

We reverse the judgment and remand for further proceedings.