**Opinion issued October 25, 2018**



In The

# Court of Appeals

### For The

# First District of Texas

———————————

### NO. 01-17-00461-CR

———————————

### VICTOR HAMILTON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 209th District Court
### Harris County, Texas
### Trial Court Case No. 1458269

---

# O P I N I O N

Victor Hamilton was indicted for the felony offense of aggravated robbery. A jury found him guilty as charged and sentenced him to 35 years' confinement. On appeal, Hamilton contends that the trial court erred in denying his request for a jury

instruction on the lesser-included offense of robbery and denying a hearing on his motion for new trial. We affirm.

## BACKGROUND

Hamilton entered a Walmart in northern Harris County, approached a store associate in the electronics department, and asked her if the store had any tablet computers in stock. The associate replied that she would check the stockroom, and she headed toward the back of the store.

Unbeknownst to the associate, Hamilton followed her past the customer area into the stockroom. When the associate unlocked the gate to the stockroom cage area where the electronics were stored, she felt someone brush past her shoulder. In a low voice, Hamilton told her that he had a gun and ordered her to stand still with her hands up. Hamilton then moved where the associate could see him. He lifted the bottom hem of his shirt to show her that he had his hand on a black handgun tucked inside the waistband of his pants. Hamilton pulled a beige duffel bag out of his pants, adjusted the gun so that it was snug inside his waistband, then pulled his shirt down over the gun. Then, he began to take electronics equipment from the shelf and load it into the bag. At some point, the associate started to lower her hands; Hamilton placed his hand on the gun again and threatened, "Hey, I thought I told you not to move."

When Hamilton had filled the bag, he rushed out of the stockroom and into the hall. He turned toward a double-door fire exit and started kicking the doors. The associate ran out of the storage room and into a maintenance closet, where she hid with other employees.

A Walmart loss-prevention officer in an office across the hall from the fire exit heard banging on the doors and ran to investigate. As the fire alarm sounded, the officer saw a man with a bag run out the fire exit and into the loading dock area. She followed about ten feet behind him to observe his actions. As the man continued his flight, he dodged in between truck trailers until he reached a gray Nissan sedan that had been parked behind them. As the man drove away, the officer wrote down his license plate number. After recording the number, the officer noticed an object on the pavement beside one of the trailers. She retrieved the object, which turned out to be a cell phone. She did not find a gun, see the man drop a gun, or notice whether he had a gun. The man did not turn around during his flight; the loss-prevention officer never saw his face. She was unable to identify Hamilton in court.

The loss-prevention officer gave the cell phone to a manager. She completed an incident report, collected surveillance video from the store's security cameras, and compiled video showing the incident. She also compiled a list of missing electronics inventory by comparing the serial numbers on the inventory remaining in the stockroom with those recorded in the previous day's inventory log.

Security video recordings from several cameras inside the store's main floor and outside of the store showed Hamilton before, during, and after his interaction with the electronics associate. Video recorded inside the storage room does not show Hamilton and the employee completely inside the frame. The camera was anchored high on a wall and was some distance from the electronics area. The low-resolution video shows Hamilton obscured by boxes, or with his back and side facing the camera as he put the electronics into his bag. It does not show his front mid-section, or a gun.

The retrieved cell phone was locked, so the loss-prevention officer removed the SD card from the phone and inserted it into a computer device that was able to read the data stored on the SD card. With information and images recovered from the phone, the electronics associate applied the lessons she learned in her criminal justice studies classes to locate Hamilton's Facebook page.

Harris County deputy constables dispatched to Walmart interviewed the electronics associate and the loss-prevention officer. The loss-prevention officer gave them the surveillance video; the cell phone's SD card; the cell phone; a photo disc containing copies of the photos stored on the phone; the loss-prevention report; and itemized receipts for the missing inventory. The loss-prevention officer also provided information concerning the make, model, and license plate number of the car Hamilton used to escape.

4

The constables found some of the stolen tablets at nearby pawn shops. They presented a photo array to two pawnshop owners. Each identified Hamilton as the person who pawned the tablets.

**Proceedings below**

During the charge conference, Hamilton asked the trial court to submit an instruction on the lesser-included offense of robbery by threat. The trial court denied the request.

Post-verdict, Hamilton moved for a new trial, contending that the trial court improperly denied his request to instruct the jury on the lesser-included offense of robbery and that new evidence had come to light. Hamilton included three affidavits with his motion. In the first, his brother attested that he had been with Hamilton immediately before the alleged aggravated robbery, Hamilton was not carrying a weapon at that time, and Hamilton did not usually carry a gun. Hamilton's mother and wife executed the other two affidavits. They described his difficult childhood and his mental illness.

The trial court did not grant a hearing on Hamilton's motion for new trial, and the motion was overruled by operation of law. *See* TEX. R. APP. P. 21.8.

## DISCUSSION

### I. Refusal to Submit Robbery as a Lesser-included Offense

Hamilton first contends that the trial court erred in failing to instruct the jury on the lesser-included offense of robbery.

#### A. Standard of review and applicable law

We apply a two-pronged test to determine whether Hamilton was entitled to a charge on a lesser-included offense. *See Young v. State*, 283 S.W.3d 854, 875 (Tex. Crim. App. 2009). We initially consider whether the offense contained in the requested instruction is a lesser-included offense of the charged offense. *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011). If it is, we decide whether the admitted evidence supports the instruction. *Id.*

An offense is a lesser-included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX. CODE CRIM. PROC. art. 37.09; *Aguilar v. State*, 263 S.W.3d 430, 435 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd).

Robbery is a lesser-included offense of aggravated robbery. A person commits robbery if, in the course of committing theft and with the intent to obtain or maintain control over the property the person has appropriated or is appropriating, the person intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. *See* TEX. PENAL CODE §§ 29.02(a)(2), 31.03(a). "To prove aggravated robbery, the State must prove robbery plus an aggravating factor, such as the defendant 'uses or exhibits a deadly weapon.'" *Sweed v. State*, 351 S.W.3d 63, 69 (Tex. Crim. App. 2011) (citing TEX. PENAL CODE § 29.03(a)(2)).

Next, we determine whether some evidence exists in the record that supports giving the lesser-included offense instruction to the jury. *Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007). The Court of Criminal Appeals has held that

> [a] defendant is entitled to an instruction on a lesser-included offense where the proof for the offense charged includes the proof necessary to establish the lesser-included offense and there is some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser-included offense.

*Id.* This evidentiary burden requires more than a showing that the jury may disbelieve crucial evidence pertaining to the greater offense. *Sweed*, 351 S.W.3d at 68. Some evidence directly germane to the lesser-included offense must affirmatively show that the lesser-included offense is a valid, rational alternative to the charged offense. *Cavazos v. State*, 382 S.W.3d 377, 385 (Tex. Crim. App. 2012); *Goad*, 354 S.W.3d at 446. In determining whether the record satisfies this requirement, we

7

consider all the evidence admitted at trial—not just the evidence presented by the defendant—regardless of its credibility or whether it conflicts with other evidence. *Goad*, 354 S.W.3d at 446–47; *see Cavazos*, 382 S.W.3d at 385.

Hamilton thus had the burden to identify some evidence adduced at trial that affirmatively showed he did not use or exhibit a deadly weapon. *E.g.*, *Penaloza v. State*, 349 S.W.3d 709, 713 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd); *see* TEX. CODE CRIM. PROC. art. 37.09(1); TEX. PENAL CODE § 29.03(a)(2); *Cavazos*, 382 S.W.3d at 385.

## B.    Analysis

In contending he was entitled to a jury instruction on robbery as a lesser-included offense, Hamilton relies on the security video that showed Hamilton in flight without displaying a firearm; the video from inside the stockroom, in which a gun is not visible; and the loss-prevention officer's testimony that she did not see whether Hamilton had a gun and she did not see Hamilton drop a gun.

Because Hamilton's shirt and waistband and his interaction with the sales associate are obscured on the video, this evidence does not affirm or negate the proffered testimony regarding the use of a handgun. The associate recounted that, after Hamilton entered the stockroom, he pulled up his shirt to show her the handgun tucked in the front of his waistband while warning her to stay still and keep quiet. According to the associate's testimony, Hamilton removed the duffel bag from his

8

pants, adjusted the gun inside his waistband, pulled his shirt back down over the gun, and began to load merchandise into the duffel bag. When Hamilton noticed the associate start to lower her hands, he put his hand on the gun again while threatening her. This evidence supports a reasonable inference that Hamilton concealed the gun. Because the sightlines of the video could not reveal whether or not Hamilton used a gun, it does not counter the testimony that Hamilton used a firearm during the robbery. *See Hampton v. State*, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003) (where victim testified assailant used weapon during sexual assault, police's failure to find weapon during investigation was not affirmative evidence that assailant did not use a weapon), *abrogated on other grounds by Grey v. State*, 298 S.W.3d 644 (Tex. Crim. App. 2009).

Hamilton relies on *Nash v. State*, 115 S.W.3d 136 (Tex. App.—Texarkana 2003, pet. ref'd), but *Nash* is distinguishable. There, a convenience store employee reported that the defendant threatened her with an icepick while robbing the store. *Id.* at 138–39. During a police interview, the defendant expressly denied using a weapon during the robbery. *Id.* at 139. Video footage showed the robber holding something that did not appear to be an icepick; it was not metallic and did not look like a weapon. *Id.* The Texarkana Court of Appeals held that the defendant's statement to the officer denying the use of the weapon and the video recording

constituted some affirmative evidence that the robber did not use a weapon or that the weapon he used was not deadly. *Id.*

The storage-room video here captured images of Hamilton's back and side, but not his front. Given the vantage point, the video does not show whether Hamilton used a gun in confronting the store associate. Unlike the video in *Nash*, the video does not affirmatively controvert the store associate's testimony that Hamilton showed her that he had a gun inside his waistband. It neither confirms nor negates whether Hamilton was armed in the manner that the associate described. *See Hampton*, 109 S.W.3d at 441.

The loss-prevention officer's testimony that she did not see whether Hamilton had a firearm likewise does not support a lesser-included offense instruction. A witness's failure to see something is not affirmative evidence; thus, it cannot negate an element of the greater offense. *See Barnett v. State*, 344 S.W.3d 6, 16 (Tex. App.—Texarkana 2011, pet. ref'd). As a result, the trial court did not err in refusing to submit a jury instruction on the lesser-included offense of robbery. *See Cavazos,* 382 S.W.3d at 385; *Sweed*, 351 S.W.3d at 68.

## II.     Hearing on Motion for New Trial

Hamilton contends that the trial court improperly denied him a hearing on his motion for new trial.

## A.     Standard of review and applicable law

A defendant has a right to move for a new trial.  *See* TEX. R. APP. P. 21; *Drew v. State*, 743 S.W.2d 207, 223 (Tex. Crim. App. 1987); *Cooks v. State*, 190 S.W.3d 84, 86–87 (Tex. App.—Houston [1st Dist.] 2005), *aff'd*, 240 S.W.3d 906 (Tex. Crim. App. 2007).  A criminal defendant does not, however, have an "absolute right" to a hearing on his motion for new trial.  *Hobbs v. State*, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009).  We review the denial of a hearing on a motion for new trial for an abuse of discretion and will reverse only if the trial court's ruling falls outside the zone of reasonable disagreement.  *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009).  The failure to hear the motion constitutes an abuse of discretion only if the motion and accompanying affidavits (1) raise matters which are not determinable from the record, and (2) establish reasonable grounds showing that the defendant could potentially be entitled to relief.  *Id.* at 338–39.

The defendant must support the motion for new trial with one or more affidavits that set forth the factual basis for the relief sought.  *Id.*; *see Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003).  The defendant need not establish a prima facie case for a new trial; a hearing on the motion for new trial is warranted if the motion raises fact issues showing that reasonable grounds exist for granting a new trial.  *Wallace*, 106 S.W.3d at 107–08; *see* TEX. CODE CRIM. PROC. art. 40.001; *Hobbs*, 298 S.W.3d at 201–02.  The hearing's purpose is to give the

11

defendant an opportunity to fully develop the issues raised in his motion (1) so that the trial court can decide whether the case should be retried and (2) to prepare a record for presenting issues on appeal if relief is denied. *Smith*, 286 S.W.3d at 338. The trial court must grant a defendant's motion for new trial "where material evidence favorable to the accused has been discovered since trial." TEX. CODE CRIM. PROC. art. 40.001. This showing requires proof that (1) the defendant did not know about the newly discovered evidence until after trial; (2) the defendant's failure to discover the new evidence before then did not result from a lack of due diligence; (3) the new evidence is admissible and not merely cumulative, corroborative, collateral, or impeaching; and (4) the new evidence is probably true and probably will bring about a different result in a new trial. *Wallace*, 106 S.W.3d at 108. Conversely, a defendant is not entitled to a new trial to procure evidence that was known and accessible to him at the time of trial, even if defense counsel did not learn about the evidence until later. *Drew*, 743 S.W.2d at 227 n.14.

## B.   Analysis

Hamilton's motion does not satisfy his burden to show that reasonable grounds exist for a new trial. *See* TEX. CODE. CRIM. PROC. art. 40.001. The affidavits from Hamilton's mother and wife concern his difficult childhood, and his diagnoses of bipolar disorder and attention deficit disorder. Hamilton's brother attested that Hamilton did not have a gun when he entered the Walmart and did not usually carry

a gun. The motion does not suggest that the evidence provided in its support was unknown or unavailable to Hamilton at the time of trial. For this reason, we hold that the trial court did not abuse its discretion in failing to hold a hearing on Hamilton's motion for new trial. *See State v. Fury*, 186 S.W.3d 67, 74 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd); *Garza v. State*, 425 S.W.3d 649, 652 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd) (holding trial court did not abuse discretion in denying motion for new trial where evidence was potentially discoverable at the outset).

## CONCLUSION

We hold that the trial court did not err in refusing to submit a jury question on robbery as a lesser-included offense. We further hold that the trial court did not abuse its discretion in failing to hold a hearing on Hamilton's motion for new trial. We therefore affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Justices Keyes, Bland, and Lloyd.

Publish. TEX. R. APP. P. 47.2(b).

13