**Opinion issued December 21, 2021**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-20-00176-CR

## NO. 01-20-00177-CR

————————————

**MAHAMET KEITA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1595698 and 1595699**

## MEMORANDUM OPINION

Appellant Mahamet Keita pleaded guilty to two counts of the second-degree

felony offense of tampering with a governmental record, and the trial court

sentenced him to three years' imprisonment on each charge to run concurrently.[1] *See*

TEX. PENAL CODE §§ 37.10(a)(2), (a)(4), (d)(3); 12.33(a). Keita filed a motion for

new trial in each case, and both motions were overruled by operation of law.

In a single issue on appeal, Keita contends that the trial court erred by failing

to conduct a hearing on his motions for new trial. Keita argues that he was entitled

to a hearing to present evidence showing that his trial counsel provided ineffective

assistance by improperly advising him of the immigration consequences of his guilty

plea. In response, the State questions our appellate jurisdiction over Keita's appeals

based on the terms of the plea bargain. We conclude that we may exercise

jurisdiction over these appeals, and we affirm.

## Background

In January 2018, law enforcement officers responded to a call from a pizza

restaurant on Westheimer Road in Houston. The restaurant's manager complained

about several fraudulent transactions from a particular address located in an

apartment complex on Fountainview Drive. Officers went to the apartment complex

and spoke with the manager, who stated that the apartment was rented to Jose

Rodriguez. The manager said that Rodriguez had paid rent using credit cards under

---

[1]     Keita was charged with the two counts in separate trial court cause numbers. Trial
court cause number 1595699 corresponds to appellate court cause number 01-20-
00176-CR. Trial court cause number 1595698 corresponds to appellate court cause
number 01-20-00177-CR.

different names, and multiple payments had been charged back or declined. Officers reviewed Rodriguez's lease application and noted his California driver's license number and social security number.

The officers checked the driver's license and discovered that it was fake. The social security number belonged to a person named Jose Rodriguez, whom officers were able to track down. Rodriguez confirmed that he had been a victim of identity theft, which he learned about when a fraud investigator contacted him about bank accounts opened in his name. After speaking to Rodriguez, officers returned to the apartment complex and reviewed a photograph of the male who had leased and currently lived in the apartment.

While investigating the incident, officers saw the occupant of the apartment leave in a new Mercedes vehicle. Officers ran the temporary tag on the vehicle and discovered it was registered to someone named Didier Rajon. Police contacted Rajon, who confirmed that someone had purchased a Mercedes for $107,000 in his name without his consent. Paperwork from the sale of the Mercedes showed the buyer used the same driver's license as that used to rent the apartment and open bank accounts in Rodriguez's name.

On January 25, 2018, officers executed a felony arrest and search warrant at the apartment. Keita was the sole occupant inside the apartment, and he was arrested. Police searched the apartment and the Mercedes. They discovered fake government

3

records, fraudulently obtained bank account records, a stolen gun, credit cards, billing records, receipts, laptops, cell phones, a credit card encoder, and a card stock used to encode credit cards with stolen information. Inside the Mercedes, police found a key to a Ford Explorer parked next to the Mercedes. The Explorer was rented under the name John Taylor using a fake Washington State driver's license, and this driver's license was found inside the apartment with Keita's picture on it. Police also found evidence that Keita had set up accounts and business entities in other people's names.

Keita was charged with four counts: one count of fraudulent use or possession of identity information and three counts of tampering with a governmental record. He pleaded guilty to two charges of tampering with a governmental record, and the State dismissed the other charges against him.

As part of his guilty plea for each charge, Keita signed a document in each case stating that he "intend[s] to enter a plea of guilty and the prosecutor will recommend punishment should be set at WOAR – PSI." The document also stated that Keita waived his right of appeal. The prosecutor signed the document, acknowledging the State's "consent to and approv[al of] the above waiver of trial by jury and stipulation of evidence." The trial judge also signed the document, acknowledging that Keita appeared before the trial court and the court approved "the above and the defendant entered a plea of guilty." Keita, a citizen of Mali, also

4

signed written admonishments concerning the effect of his guilty plea on his immigration status.

The trial court entered a certification of Keita's right of appeal in each case. *See* TEX. R. APP. P. 25.2(a)(2). The pre-printed form certifications were identical: the trial court checked a box indicating that Keita's cases are "plea-bargain case[s], and the defendant has NO right of appeal." The trial court also placed an "X" next to a box stating that "the defendant has waived the right of appeal." The trial court signed the certification, and Keita signed an acknowledgement that he received the certification and was "informed of [his] rights concerning any appeal of this criminal case[.]"

Prior to punishment, Keita filed a motion requesting that the trial court sentence him to community supervision because these were his first charges for felony offenses. The State filed a punishment recommendation memorandum. In its memorandum, the State represented that Keita had pleaded guilty in the two cases, he "entered his plea without an agreed recommendation subject to a Pre-Sentence Investigation and hearing," and two other cause numbers "were dismissed pursuant to the plea." The State also represented that Keita did not appear for his first sentencing hearing and was subsequently arrested and charged with two additional counts of tampering with a governmental record.

The State's memorandum also set forth the facts of Keita's crime in the underlying cases. Based on "the calculated nature and massive amount of fraud perpetrated by [Keita] over an extended period of time as well as the financial danger he pose[d] to the community," the State requested that the court sentence Keita to fifteen years' imprisonment. The State attached several exhibits to its memorandum, including various driver's licenses and passports, applications for assumed name certificates of ownership for two business entities and the driver's license used to submit the applications, checks found in Keita's possession made payable to people other than Keita, text messages, and the purchase agreement for the Mercedes vehicle.

At the sentencing hearing, the trial court admitted the presentence investigation ("PSI") report stating that Keita entered a plea of guilty with no agreed recommendation on sentencing. The report also recited the alleged facts of the offenses and Keita's criminal history, which included only the two charges for tampering with a governmental record and the two other charges dismissed by the State.

During the State's closing argument, the State argued that it could have charged Keita with a second-degree felony offense for each of the tampered driver's licenses found in his possession. The State also argued that, despite any immigration consequences, Keita "needs to be held accountable for what he did no matter what."

The State argued that deferred adjudication may not be appropriate in these cases, and the State requested that the court sentence Keita to fifteen years' incarceration.

After the parties rested, the trial court orally pronounced Keita's sentence at three years' incarceration for each offense, to run concurrently. The trial court acknowledged that Keita's family would suffer if adjudication was not deferred and Keita was subsequently deported, but the court stated that he had "obviously" not thought about the consequences when he became "involved in a criminal enterprise to begin with."

After the court entered the judgment of conviction, Keita filed a timely notice of appeal. He also filed a timely motion for new trial, arguing that his trial counsel provided ineffective assistance by incorrectly advising him about the immigration consequences of pleading guilty to criminal offenses. Keita attached his affidavit and affidavits from family members discussing the alleged immigration advice Keita received from his trial counsel. The motion for new trial did not specifically request a hearing on the motion, and a presentment form filed with the motion was not signed by the trial court. The trial court did not hold a hearing on Keita's motion for new trial in either case, and the motions were overruled by operation of law. *See* TEX. R. CIV. P. 329b(c); TEX. R. APP. P. 21.8(a), (c).

After the parties filed their appellate briefs with this Court, our review of the record on appeal in each case revealed that the trial court's certifications of Keita's

right of appeal appeared to be defective. As discussed in further detail below, we remanded the cases to the trial court to conduct further proceedings on the issue. After conducting a hearing, the trial court signed amended certifications stating that Keita's cases were not plea bargain cases and that Keita has the right of appeal.

**Appellate Jurisdiction**

The State questions this Court's jurisdiction over these appeals. The State argues that Keita pleaded guilty in exchange for the State's dismissal of two charged offenses, and the trial court initially certified that Keita's cases are plea bargain cases and that he has no right of appeal in either case. After the State raised this jurisdictional issue, the trial court amended its certifications to certify that Keita's cases were *not* plea bargain cases and that he has a right of appeal. Thus, we first consider our jurisdiction to review these appeals.

Neither the United States Constitution nor the Texas Constitution guarantees a right to appeal criminal convictions, and a defendant's right to appeal is granted only by statute. *Griffin v. State*, 145 S.W.3d 645, 646 (Tex. Crim. App. 2004). Article 44.02 of the Code of Criminal Procedure generally provides a right of appeal to criminal defendants. TEX. CODE CRIM. PROC. art. 44.02; *Griffin*, 145 S.W.3d at 646. When a defendant enters a guilty plea and "the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney," the defendant may only appeal matters either raised by motion prior to

8

trial or with the trial court's permission. TEX. CODE CRIM. PROC. art. 44.02; *see* TEX. R. APP. P. 25.2(a)(2); *Griffin*, 145 S.W.3d at 646.

A defendant can also waive the right of appeal. *See Carson v. State*, 559 S.W.3d 489, 492–96 (Tex. Crim. App. 2018). But when the State and the defendant do not agree upon a sentencing recommendation, the record on appeal must show that the State gave consideration for the defendant's waiver of the right of appeal and, thus, that the waiver was voluntary, knowing, and intelligent. *See id.* at 494.

Each time a trial court enters a judgment of guilt, it must also enter a certification of the defendant's right of appeal. TEX. R. APP. P. 25.2(a)(2), (d). When a case is a "plea bargain case"—defined as "a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant"—a defendant may only appeal matters raised by written motion before trial, after obtaining permission to appeal from the trial court, or where the specific appeal is expressly authorized by statute. TEX. R. APP. P. 25.2(a)(2).

The trial court may correct a defect in a certification by filing an amended certification. TEX. R. APP. P. 25.2(f). A defective certification includes one that is "correct in form but which, when compared with the record before the court, proves to be inaccurate." *Jones v. State*, 488 S.W.3d 801, 804 (Tex. Crim. App. 2016) (quoting *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005)). After the

appellant's brief is filed, however, the certification may be amended only on leave of the appellate court. TEX. R. APP. P. 25.2(f). If the certification is defective, the appellate court must obtain a correct certification using the Rules of Appellate Procedure whenever appropriate. *Dears*, 154 S.W.3d at 614–15; *see* TEX. R. APP. P. 25.2(f), 34.5(c), 37.1.

Here, the trial court's certifications initially stated that these cases are "plea-bargain case[s] and [Keita] has no right of appeal." After the appellate briefing concluded, our review of the record revealed that these certifications appeared defective because the record did not show that the parties agreed to a punishment recommendation or that the State provided any consideration to Keita for waiving his right of appeal. *See* TEX. CODE CRIM. PROC. art. 44.02; TEX. R. APP. P. 25.2(a)(2); *Carson*, 559 S.W.3d at 492–96; *see also Jones*, 488 S.W.3d at 804 (stating that defective certification includes one correct in form but inaccurate when compared to record). The plea paperwork stated that Keita "intend[s] to enter a plea of guilty and the prosecutor will recommend punishment should be set at WOAR – PSI."[2] The parties also requested different sentences: Keita asked for community supervision,

---

[2]    "WOAR – PSI" is not defined in the plea papers, but the Court of Criminal Appeals has stated that this means "an open plea after presentence investigation without an agreed recommendation" on punishment. *Jones v. State*, 488 S.W.3d 801, 807 (Tex. Crim. App. 2016); *see Carter v. State*, No. 01-18-00116-CR, 2019 WL 2621734, at *2 (Tex. App.—Houston [1st Dist.] June 27, 2019, no pet.) (per curiam) (mem. op., not designated for publication) (stating that "WOAR-PSI" in plea agreement meant plea "was made without an agreed recommendation pending a PSI hearing").

while the State asked for a fifteen-year sentence. Moreover, although the plea paperwork stated that Keita waived his right of appeal, the record did not show that the State provided consideration for this waiver. Because the certifications appeared defective, we abated these appeals and ordered the trial court to conduct further proceedings regarding the apparently defective certifications. *See* TEX. R. APP. P. 25.2(f), 37.1; *Dears*, 154 S.W.3d at 614–15.

On remand, the trial court held a hearing in these causes.[3] Keita argued that he pleaded guilty in exchange for a PSI hearing. He did not receive any consideration from the State in exchange for waiving his right of appeal. Keita asked the court to amend the certification in each case to reflect that he has the right of appeal.

The State conceded that Keita's cases were not plea bargain cases, but it argued that it gave Keita consideration for waiving his right of appeal. The State produced four exhibits supporting its arguments. First, the State produced a single page from its punishment recommendation memorandum listing two cause numbers that "were dismissed pursuant to the plea." The State also introduced its motions to dismiss those two cases, which sought dismissal on the ground that Keita "was convicted in another case," namely the two cases underlying these two appeals.

---

[3]     The trial court noted the contradiction on the face of the original certifications, which included a checkmark indicating the cases were plea-bargain cases with no right of appeal and an "X" in a box stating that the defendant had no right of appeal based on waiver of the right.

11

Finally, the State introduced an affidavit from the prosecutor at the sentencing hearing averring that the State "would not have dismissed the two cases had Mr. Keita not plead[ed] guilty to the remaining two cases." Based on these exhibits, the State argued that it had a "charge bargain" with Keita.

At the end of the hearing, the trial court orally granted Keita's request to amend the certifications to reflect Keita's right to appeal the convictions. The court subsequently signed an amended certification in each case, and both certifications certified that Keita's cases were not plea bargain cases and that Keita has the right of appeal. *See* TEX. R. APP. P. 25.2(a)(2).

The appellate record supports the trial court's amended certifications showing that these cases are not plea bargain cases and that Keita has the right of appeal. The State conceded that these are not plea-bargain cases, and the record shows that the parties did not agree to a sentencing recommendation. *See id.*

Furthermore, the record does not support the State's contention that it provided consideration for Keita's waiver of his right of appeal. *See Carson*, 559 S.W.3d at 492–96. At the hearing on remand, the State offered four exhibits to support its argument that it had provided consideration for Keita's waiver of his right of appeal. However, none of this evidence mentions any consideration for Keita waiving his right of appeal. The State's sentencing memorandum states only that the State dismissed two charges "pursuant to the plea." The State's two motions to

dismiss those charges sought dismissal on the ground that Keita was convicted in the underlying cases. Likewise, the trial prosecutor's affidavit only averred that the prosecutor would not have dismissed the two charges had Keita not entered his guilty plea. Therefore, the State's evidence at the hearing does not show that it provided consideration specifically for Keita's waiver of his right of appeal, and our review of the record has not revealed any such consideration.[4] *See id.*

Because the appellate record does not show that the State provided any consideration for Keita's waiver of his right of appeal, any such waiver was not voluntary, knowing, or intelligent and is therefore not effective. *See id.* We therefore hold that we have jurisdiction to consider the merits of Keita's issue.

## Hearing on Motion for New Trial

In his sole issue on appeal, Keita argues that the trial court erred by not holding a hearing on his motion for new trial in either case. Keita contends that he was entitled to an evidentiary hearing to show that his trial counsel provided ineffective assistance, namely by providing incorrect advice regarding the immigration consequences of pleading guilty. The State responds that Keita did not preserve this issue for review because he did not present his motion for new trial or his request

---

[4]     We note that the Court's abatement order requested the parties to file supplemental briefing on the jurisdictional issue after remand, but the State has not filed a supplemental brief.

for a hearing to the trial court. The State alternatively argues that Keita was not entitled to a hearing on his motion for new trial because he did not allege matters that were not determinable from the record or establish reasonable grounds for relief.

## A. Standard of Review and Governing Law

We review a trial court's denial of a hearing on a motion for new trial for an abuse of discretion, and we will reverse only if the trial court's ruling falls outside the zone of reasonable disagreement. *Hobbs v. State*, 298 S.W.3d 193, 200 (Tex. Crim. App. 2009); *Hamilton v. State*, 563 S.W.3d 442, 448 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd). Our review is limited to determining whether the motion and accompanying affidavits (1) raise matters which are not determinable from the record, and (2) establish reasonable grounds showing that the defendant potentially could be entitled to relief. *Hobbs*, 298 S.W.3d at 199–200; *Hamilton*, 563 S.W.3d at 448. If these two requirements are met, the trial court has no discretion to withhold a hearing. *Hobbs*, 298 S.W.3d at 200.

However, a criminal defendant does not have an "absolute right" to a hearing on his motion for new trial. *Hamilton*, 563 S.W.3d at 448 (quoting *Hobbs*, 298 S.W.3d at 199). In addition to timely filing a motion for new trial, a criminal defendant must also present the motion to the trial court within ten days of filing it. TEX. R. APP. P. 21.6; *Arellano v. State*, 555 S.W.3d 647, 655 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd). Presentment requires more than simply filing the motion

14

for new trial with the trial court clerk; it requires that the trial court have actual notice of the defendant's desire for a ruling or a hearing on the motion. *Arellano*, 555 S.W.3d at 655. A defendant's failure to present a motion for new trial to the trial court constitutes a failure to preserve for appellate review any error in the trial court's failure to hold a hearing. *Rozell v. State*, 176 S.W.3d 228, 230 (Tex. Crim. App. 2005); *Arellano*, 555 S.W.3d at 655.

Evidence of presentment may include the trial judge's signature or notation on a proposed order, an entry on the docket sheet indicating presentment or setting a hearing date, or other proof that the trial court was actually aware of the defendant's request for a ruling or hearing on the motion. *Arellano*, 555 S.W.3d at 655. The Court of Criminal Appeals has also stated that a trial court receives actual notice of a defendant's desire for a hearing on a motion for new trial when the motion "ends with the specific and explicit request 'that the Court grant a hearing on this Motion,'" and the trial court denies the motion with a written order. *Hobbs*, 298 S.W.3d at 200 n.32. This Court has noted other examples of presentment, including by personally delivering a motion for new trial on the record in open court (although this is not required for presentment), by obtaining a ruling on the motion, by setting a hearing date on the docket, or by scheduling a hearing through the trial court's coordinator. *Bearnth v. State*, 361 S.W.3d 135, 146 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd).

**B.    Analysis**

Keita does not argue or point to any evidence in the record in either appeal showing that he presented his motions for new trial and his requests for a hearing to the trial court. *See* TEX. R. APP. P. 21.6; *Arellano*, 555 S.W.3d at 655. Our own review of the records does not reveal any actual notice to the trial court of Keita's desire for a hearing on his motion. *See Arellano*, 555 S.W.3d at 655.

The proposed orders attached to Keita's motions for new trial do not include the trial judge's signature or notation, and the docket sheets in these appeals do not indicate that Keita presented the motions or set a hearing date on them. *See id.* And while Keita's motions attached forms for the trial court to sign acknowledging presentment, the forms are not signed. *See id.* In fact, neither of Keita's motions for new trial request a hearing on the motions. *See id.*; *Hobbs*, 298 S.W.3d at 200 n.32; *Rozell*, 176 S.W.3d at 231 (concluding that defendant did not adequately advise trial court of desire to have hearing on motion for new trial because motion did not request hearing).

Keita filed a supplement to his motions for new trial notifying the trial court of a newly issued appellate opinion, but these supplements did not request a hearing on the motions for new trial. *See Arellano*, 555 S.W.3d at 655; *Rozell*, 176 S.W.3d at 231. Finally, Keita filed a motion to extend the deadline in each case for a hearing and ruling on his motions for new trial. *See* TEX. R. APP. P. 21.6 (requiring defendant

16

to present motion for new trial to trial court within 10 days of filing unless trial court permits it to be presented and heard within 75 days from date sentence imposed in open court). These motions did not specifically request a hearing on Keita's motions for new trial but instead only requested that the trial court extend the deadline on any hearing and ruling. *See Arellano*, 555 S.W.3d at 655; *Rozell*, 176 S.W.3d at 231.

The records in these appeals contain no evidence that Keita presented his motions for new trial and requests for a hearing on the motions to the trial court. *See Arellano*, 555 S.W.3d at 655 (listing examples of presentment); *Bearnth*, 361 S.W.3d at 146 (listing additional examples of presentment). The Court of Criminal Appeals has stated:

> Presenting the motion for new trial and the request for a hearing is akin to objecting to the erroneous admission of evidence. Absent a proper objection that alerts the trial court to the erroneous admission, the error has not been preserved for appellate review. Thus, a reviewing court does not reach the question of whether a trial court abused its discretion in failing to hold a hearing if no request for a hearing was presented to it.

*Rozell*, 176 S.W.3d at 230. We therefore hold that Keita has not preserved any error in the trial court's failure to hold a hearing on his motion for new trial in either case. *See id.* at 230–31; *Arellano*, 555 S.W.3d at 655. We overrule Keita's sole issue in these two appeals.

**Conclusion**

We affirm the judgment of the trial court in each case.

April L. Farris
Justice

Panel consists of Justices Kelly, Hightower, and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).